**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**CHRISTOPHER LLOYD MARICLE**                    **CIVIL ACTION**

**VERSUS**                                                        **NO.   16-1540**

**ROBERT TANNER, WARDEN**                        **SECTION: "F"(5)**

<u>**REPORT AND RECOMMENDATION**</u>

This matter was referred to the undersigned United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts.    Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. *See* 28 U.S.C. § 2254(e)(2).    For the following reasons, **IT IS RECOMMENDED** that the petition for *habeas corpus* relief be **DISMISSED WITH PREJUDICE**.

*Procedural History*

Petitioner, Christopher Lloyd Maricle, is a convicted inmate currently incarcerated at the Elayn Hunt Correctional Center in St. Gabriel, Louisiana.    On June 7, 2011, he was charged by grand-jury indictment with one count of aggravated rape and two counts of indecent behavior with a juvenile, which arose from sexual encounters with three different

minor victims.[1]    On June 28, 2011, he entered a plea of not guilty to the charged offenses. On January 24, 2013, the State amended the bill of indictment to charge him with aggravated sexual battery on a victim under 13 years of age, LSA-R.S. 14:43.1(C)(2), rather than aggravated rape.    Maricle entered a plea of not guilty to the amended charge.    On January 28, 2013, the trial court held a hearing on a motion to suppress Maricle's statements and took the matter under advisement.[2]    No ruling ensued because on January 29, 2013, Maricle withdrew his former pleas of not guilty and entered a plea of guilty to the charges. Defense counsel withdrew any outstanding motions.    Following a guilty-plea colloquy, the trial court sentenced him in accordance with the plea agreement to 25 years imprisonment without benefit of parole and seven years imprisonment on each of the counts of indecent behavior with a juvenile, to run concurrently.[3]

On June 24, 2013, Maricle filed an application for post-conviction relief with the state district court seeking reinstatement of his appeal rights.[4]    The district court granted him

---

[1] State Rec., Vol. 1 of 4, Grand Jury Indictment; Minute Entry, 6/7/11.

[2] State Rec., Vol. 1 of 4, Motion to Suppress Statement, Physical Evidence, and Points and Authorities in Support thereof.    Though filed *pro se* on or about December 17, 2012, defense counsel Ravi Shah and Milton Mastinter expressly adopted the motion without the physical evidence portion. Minute Entry, 1/24/13.

[3] State Rec., Vol. 1 of 4, Guilty Plea Colloquy (January 29, 2013), pp. 11-17.

[4] State Rec., Vol. 1 of 4, Uniform Application for Post-Conviction Relief dated June 24, 2013.

an out-of-time appeal.    His appointed counsel on appeal filed an *Anders* brief,[5]  citing no non-frivolous issues for review, and a motion to withdraw.    The court of appeal granted requests in November and December for additional time to file a *pro se* brief and instructed him to do so ultimately by January 17, 2014.[6]    On or about January 8, 2014, he filed a motion to supplement the record on appeal and for suspension of briefing delays.[7]    That motion was denied on January 14, 2014.[8]    On February 7, 2014, Maricle filed a motion for leave of court to file a *pro se* brief, which was also denied.[9]    On March 21, 2014, the Louisiana First Circuit Court of Appeal affirmed his convictions and sentences.[10]    He did not seek further review of that judgment.

On June 10, 2014, Maricle filed a second application for post-conviction relief with the state district court in which he asserted that he was denied effective assistance of trial

[5]  *Anders v. California*, 386 U.S. 73 (1967); *State v. Jyles*, 96-2669 (La. 12/12/97), 704 So.2d 241; *State v. Benjamin*, 573 So.2d 528 (La. App. 4th Cir. 1990).

[6]  State Rec., Vol. 1 of 4, First Circuit Court of Appeal Order dated January 7, 2014.

[7]  State Rec., Vol. 1 of 4, Motion to Supplement the Record on Appeal and Motion for Suspension of Briefing Delays.

[8]  State Rec., Vol. 1 of 4, *State v. Maricle*, 2013-KA-1725 (La. App. 1st Cir. 1/14/14) (unpublished).

[9]  State Rec., Vol. 1 of 4, *State v. Maricle*, 2013-KA-1725 (La. App. 1st Cir. 2/17/14) (unpublished).

[10]  *State v. Maricle*, 2013-KA-1725, 2014 WL 1168506 (La. App. 1st Cir. 3/21/14); State Rec., Vol. 1 of 4.

counsel for failing to investigate and present a viable defense and offering misguided advice to enter a guilty plea, which rendered his plea involuntary; that his *Miranda* rights were violated when interrogation did not cease after he invoked his right to have counsel present; and that he was denied effective assistance by appellate counsel, who raised no issues on direct appeal.[11]    On July 2, 2014, the district court issued an order denying relief.[12] Maricle's related supervisory writ application was denied by the Louisiana First Circuit Court of Appeal on November 3, 2014.[13]    The Louisiana Supreme Court subsequently denied relief on October 2, 2015.[14]

On February 17, 2016, Maricle filed his federal application for *habeas corpus* relief.[15] In that application, Maricle claims he was denied effective assistance of trial counsel for failing to investigate and present a viable defense and offering misguided advice to enter a guilty plea, which rendered his plea involuntary; that his *Miranda* rights were violated when

---

[11]  State Rec., Vol. 3 of 4, Uniform Application for Post-Conviction Relief (letter forwarding PCR dated June 10, 2014, *see* State Rec., Vol. 2 of 4).    Because several of his stated claims for relief (numbered 1-5) involved ineffective assistance of trial counsel, the Court references them together.

[12]  State Rec. Vol. 2 of 4, State District Court Order (July 2, 2014).

[13]  State Rec., Vol. 2 of 4, *State v. Maricle*, 2014-KW-1217 (La. App. 1st Cir. 11/3/14) (unpublished).

[14]  *State ex rel. Maricle v. State*, 2014-KH-2546 (La. 10/2/15), 178 So.3d 585. State Rec., Vol. 2 of 4.

[15]  Rec. Doc. 3, Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus certified February 17, 2016.

interrogation did not cease after he invoked his right to have counsel present; and that he was denied effective assistance by appellate counsel, who raised no issues on direct appeal.

The State concedes that the federal application is timely, but asserts that he has not exhausted his state court remedies as to two of his claims (*i.e.*, *Miranda* and ineffective assistance of appellate counsel).     As a result, the State argues those claims are procedurally defaulted and not subject to review in this Court.     Alternatively, the State contends all of the claims are without merit.[16]

*Facts*[17]

The facts of the case were not fully developed because Maricle pled guilty. According to the indictment and the *Boykin* colloquy, Maricle engaged in indecent behavior with one juvenile victim between September 1, 2010, and March 16, 2011, and with another juvenile victim between March 1, 2011 and March 10, 2011.     On March 30, 2011, the defendant was involved with a third juvenile victim and charged with sexual battery.

Maricle was charged by amended grand jury indictment with sexual battery, a violation of La. R.S. 14:43.1 (Count 1) and indecent behavior with juveniles, a violation of La. R.S. 14:81 (Counts 2 and 3). He initially entered a plea of not guilty, but later withdrew this plea and pled guilty as charged pursuant to a plea agreement. He agreed, through his

---

[16]  Rec. Doc. 9.

[17]  These facts were gleaned from the Louisiana First Circuit Court of Appeal opinion and the *Boykin* colloquy.

5

attorney of record's joint stipulation, that there was a factual basis for each of the guilty pleas based on all open file discovery and any pretrial conferences in the case. Under the agreement, the defendant was sentenced to twenty-five years at hard labor without the benefit of parole on Count 1. On Counts 2 and 3, he was sentenced to seven years, at hard labor, on each count. The district court ordered that the sentences run concurrently.

*Preliminary Review: Exhaustion and Procedural Default*

A petitioner normally must first exhaust his remedies in the state courts before seeking *habeas corpus* relief from the federal courts.    28 U.S.C. § 2254(b)(1)(A); *see also Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998) (citing *Rose v. Lundy*, 455 U.S. 509, 519-20 (1982)).    "A federal habeas petition should be dismissed if state remedies have not been exhausted as to all of the federal court claims."    *Whitehead*, 157 F.3d at 387.

A petitioner properly exhausts state remedies only by presenting his federal constitutional claims to each level of the state courts empowered to hear those claims, either on direct appeal or in collateral post-conviction proceedings.    *See O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999) (requiring state prisoners, in order to fully exhaust their claims, "to file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State").    "Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one

complete round of the State's established appellate review process."    *Id.* at 845.

Furthermore, a petitioner's federal claim must have been "fairly presented" at each level of the state-court system.    *Baldwin v. Reese*, 541 U.S. 27, 29, 124 S.Ct. 1347, 158 L.Ed.2d 64 (2004).    "A federal court claim must be the 'substantial equivalent' of one presented to the state courts if it is to satisfy the 'fairly presented' requirement." *Whitehead*, 157 F.3d at 387 (citing *Picard v. Connor*, 404 U.S. 270, 275-78, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971)).    "This requirement is not satisfied if the petitioner presents new legal theories or new factual claims in his federal application."    *Whitehead*, 157 F.3d at 387 (citing *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997)).    Nor is the fair presentation standard satisfied if the state court must read beyond the petition or brief, for instance to a lower-court opinion, to identify the claim.    *Baldwin*, 541 U.S. at 32.

As the State correctly notes, the record shows that Maricle did not fairly present his *Miranda* claim or his ineffective-assistance-on-appeal claim to the State's highest court. Although he designated these claims individually and set out the factual basis for the claims in his post-conviction relief application filed with the state district court, he failed to do so in his subsequent related writ applications to the Louisiana First Circuit and the Louisiana Supreme Court.    Instead, in the intermediate court of appeal, he argued that the trial court committed legal error in denying him an evidentiary hearing.    As stated grounds for that error, he presented the need for such a hearing to prove ineffective assistance of trial counsel, but did not clearly identify the basis for any *Miranda* violation or constitutionally

deficient performance by appellate counsel.    His supervisory writ application filed with the Louisiana Supreme Court is virtually identical and therefore similarly deficient.

Further, as the State notes in its response, Maricle's failure to exhaust his claims in state court presents an additional problem and basis for dismissal of his federal *habeas* claim, *i.e.* a procedural bar in federal court.    If, as is the case here, a "prisoner fail[ed] to exhaust available state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred," then the claims are likewise considered defaulted in federal court. *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997) (internal quotation marks omitted). There is little doubt that the state courts would deny any new attempt by Maricle to assert the instant claims as procedurally barred, because any new state post-conviction application would be both repetitive under La. Code Crim. P. 930.4[18]  and untimely under La. Code Crim. P. art. 930.8.[19]    As a result, federal relief is barred unless he demonstrates either (1) the existence of "cause" for his default and resulting "prejudice" or (2) that the Court's failure to address the claims would result in a "fundamental miscarriage of justice."    *See*, *e.g.*, *Bagwell v. Dretke*, 372 F.3d 748, 756-57 (5th Cir. 2004).

---

[18]    La Code Crim. P. art. 930.4 (D) provides: "A successive application shall be dismissed if it fails to raise a new or different claim." Because the two claims at issue were raised in Maricle's prior state post-conviction application, any attempt to reassert them in a new application would be denied as repetitive by the state district court under this provision.

[19]    Article 930.8 generally requires that a petitioner file his post-conviction within two years of the date on which his conviction and sentence became final.

To establish cause for a procedural default, there must be something external to the petitioner, something that cannot fairly be attributed to him." *Johnson v. Puckett*, 176 F.3d 809, 816 (5th Cir. 1999) (quotation marks omitted).    Maricle has not established cause for his default, and, "[a]bsent a showing of cause, it is not necessary for the court to consider whether there is actual prejudice." *Martin v. Maxey*, 98 F.3d 844, 849 (5th Cir. 1996).

Maricle likewise has not shown that this Court's application of the procedural bar would result in a "fundamental miscarriage of justice."    In order to establish a "fundamental miscarriage of justice," a petitioner must "make a persuasive showing that he is actually innocent of the charges against him.    Essentially, the petitioner must show that, as a factual matter, he did not commit the crime for which he was convicted." *Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir. 2001) (citations omitted).    Maricle has not made a colorable showing of actual innocence.[20]

Accordingly, the Court recommends dismissal of these two claims for relief as unexhausted and procedurally barred.

*Standards of Review on the Merits*

Title 28 U.S.C. § 2254(d)(1) and (2), as amended by The Antiterrorism and Effective

---

[20]    He argues only that he could not have been found guilty of sexual battery of a minor under 13 years of age due to the uncertainty surrounding the date of the *admitted* sexual encounter (alleged by the State to have occurred only two days before the 12-year old victim's birthday).    The age requirement is a necessary element only for harsher sentencing purposes. *State v. Shokr*, 16-337, 2017 WL 511869, at *5 n. 3 (La. App. 5th Cir. 2/8/17).    He does not contest his guilty pleas with respect to the other two counts.

Death Penalty Act of 1996 (AEDPA), provides the applicable standards of review for pure questions of fact, pure questions of law, and mixed questions of both.    A state court's purely factual determinations are presumed to be correct and a federal court will give deference to the state court's decision unless it "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2); *see also* 28 U.S.C. § 2254(e)(1) ("In a proceeding instituted by an application for a writ of *habeas corpus* by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.").    With respect to a state court's determination of pure questions of law or mixed questions of law and fact, a federal court must defer to the decision on the merits of such a claim unless that decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

The "'contrary to' and 'unreasonable application' clauses [of § 2254(d)(1)] have independent meaning." *Bell v. Cone*, 535 U.S. 685, 694 (2002).    A state-court decision is "contrary to" clearly established precedent if the state court applies a rule that contradicts the governing law set forth in the United States Supreme Court's cases or if the state court confronts a set of facts that are materially indistinguishable from a decision of the United States Supreme Court and nevertheless arrives at a result different from United States

Supreme Court precedent.    *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000); *Wooten v. Thaler*, 598 F.3d 215, 218 (5th Cir.), *cert. denied*, 131 S.Ct. 294 (2010).    An "unreasonable application" of [United States Supreme Court] precedent occurs when a state court "identifies the correct governing legal rule... but unreasonably applies it to the facts of the particular state prisoner's case."    *Williams*, 529 U.S. at 407-08; *White v. Woodall*, 134 S.Ct. 1697, 1706 (2014).

It is well-established that "an unreasonable application is different from an incorrect one." *Bell*, 535 U.S. at 694.    A state court's merely incorrect application of Supreme Court precedent simply does not warrant *habeas* relief.    *Puckett v. Epps*, 641 F.3d 657, 663 (5th Cir.2011) ("Importantly, 'unreasonable' is not the same as 'erroneous' or 'incorrect'; an incorrect application of the law by a state court will nonetheless be affirmed if it is not simultaneously unreasonable.").    "[E]ven a strong case for relief does not mean the state court's contrary conclusion was unreasonable" under the AEDPA.    *Harrington v. Richter*, 562 U.S. 86, 102 (2011).    Section 2254(d) preserves authority to issue the writ in cases where there is "*no possibility* fairminded jurists could disagree that the state court's decision conflicts with [United States Supreme Court] precedents."    *Harrington*, 562 U.S. at 102 (emphasis added); *see also Renico v. Lett*, 559 U.S. 766, 130 S.Ct. 1855, 1866 (2010) ("AEDPA prevents defendants—and federal courts—from using federal *habeas corpus* review as a vehicle to second-guess the reasonable decisions of state courts.").

*Claims for Relief*

*1. Ineffective Assistance of Trial Counsel*

In his three intertwined claims, Maricle contends trial counsel was constitutionally ineffective for failing to conduct adequate investigation to identify a viable defense rather than offering misguided advice to enter a guilty plea to the charge of sexual battery, which essentially rendered his plea involuntary.    The state district court rejected these claims raised on post-conviction relief, stating:

> The Court has reviewed the transcript of the January 29, 2013 proceedings. Petitioner withdrew all outstanding motions, including a motion to suppress statements.    A complete *Boykin* examination was conducted.    Petitioner confirmed that he understood the elements and possible penalties for the offense with which he was charged.    He stated that he understood the constitutional rights that he waived by pleading guilty.    Petitioner admitted to the Court that he entered his plea of guilty because he in fact committed the crime.    He denied that anyone forced or coerced him to plead guilty.    He stated that he was satisfied with his lawyer's work and that his lawyer explained his rights to him.    The State offered a stipulation that open file discovery provided a sufficient factual basis for the plea, which stipulation was accepted by petitioner's counsel.    When asked whether the sentence imposed complied with his plea agreement, petitioner responded yes.

> Petitioner's claim that his counsel was ineffective must be determined in light of the two-pronged test set out by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), which requires that a convicted defendant show both that (1) counsel's representation fell below an objective standard of reasonableness, and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

> In the context of guilty pleas, the second, or "prejudice," requirement focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process.    In other words, in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable

> probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.    *Hill v. Lockhart*, 474 U.S. 52, 58-60, 106 S.Ct. 366, 370-71, 88 L.Ed.2d 203 (1985).
>
> The Court finds that petitioner failed to carry his burden of proof pursuant to Louisiana Code of Criminal Procedure Article 930.2, and further finds that petitioner's guilty plea was knowingly, freely, and voluntarily given.[21]

The appellate courts subsequently denied relief without assigning additional reasons.

The United States Supreme Court has established a two-pronged test for evaluating claims of ineffective assistance of counsel.    Specifically, a petitioner seeking relief must demonstrate both deficient performance by counsel and that the deficient performance prejudiced his defense.    *Strickland v. Washington*, 466 U.S. 668, 697 (1984).    A petitioner bears the burden of proof on such a claim and "must demonstrate, by a preponderance of the evidence, that his counsel was ineffective."    *Jernigan v. Collins*, 980 F.2d 292, 296 (5th Cir.1993); *see also Clark v. Johnson*, 227 F.3d 273, 284 (5th Cir.2000).    If a court finds that a petitioner has made an insufficient showing as to either of the two prongs of inquiry, *i.e*, deficient performance or actual prejudice, it may dispose of the ineffective assistance claim without addressing the other prong.    *Strickland*, 466 U.S. at 697.

To prevail on the deficiency prong of the *Strickland* test, a petitioner must demonstrate that counsel's conduct fails to meet the constitutional minimum guaranteed by the Sixth Amendment.    *See Styron v. Johnson*, 262 F.3d 438, 450 (5th Cir.2001).    "Counsel's performance is deficient if it falls below an objective standard of reasonableness."

---

[21]  State Rec., Vol. 2 of 4, State District Court Order denying PCR.

*Little v. Johnson*, 162 F.3d 855, 860 (5th Cir.1998).    Analysis of counsel's performance must take into account the reasonableness of counsel's actions in light of all the circumstances. *See Strickland*, 466 U.S. at 689.    "[I]t is necessary to 'judge ... counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct.'"    *Lockhart v. Fretwell*, 506 U.S. 364, 371 (1993) (quoting *Strickland*, 466 U.S. at 690).    A petitioner must overcome a strong presumption that the conduct of his counsel falls within a wide range of reasonable representation.    *See Crockett v. McCotter*, 796 F.2d 787, 791 (5th Cir.1986); *Mattheson v. King*, 751 F.2d 1432, 1441 (5th Cir.1985).

To prevail on the prejudice prong of the *Strickland* test, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."    *Strickland*, 466 U.S. at 694.    In the context of guilty plea, a petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *see also James v. Cain*, 56 F.3d 662, 667 (5th Cir. 1995).

Because the state courts rejected Maricle's ineffective assistance of counsel claims on the merits and because such claims present a mixed question of law and fact, this Court must defer to the state court decision unless it was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."    28 U.S.C. § 2254(d)(1); *Moore v. Cockrell*, 313 F.3d 880, 881 (5th Cir.2002). In fact, the United States Supreme Court has held that, under the AEDPA, federal *habeas*

*corpus* review of ineffective assistance of counsel claims must be "doubly deferential" in order to afford "both the state court and the defense attorney the benefit of the doubt." *Burt v. Titlow*, 134 S. Ct. 10, 13 (2013) (quoting *Cullen v. Pinholster*, 563 U.S. at 190).

Maricle suggests that lack of preparation and incompetent advice by defense counsel, "who were literally on Maricle's case for a matter of days when they marched him in court and pleaded him guilty," resulted in an involuntary guilty plea.    He maintains that he had a meritorious defense to the sexual battery charge based upon a "gaping hole" in the State's theory that the victim was under 13 years of age when the alleged sexual battery occurred. This lack of proof, he argues, is reflected in the indictment where the State alleges the offense occurred "on or about" March 30, 2011, just two days shy of the victim's 13th birthday, which created "uncertainty" as to the prosecution's ability to prove the age element.    He claims that overall the State's case was "weak," as shown by the decision to change the indictment from aggravated rape to sexual battery, and the State's attempt through a motion in limine to keep this information from the jury.[22]    He asserts that his appointed attorneys even gave him conflicting advice, with one recommending he plead guilty and the other suggesting he not do so in light of the pending motion to suppress and uncertainty in the bill of indictment. Under the circumstances, he submits the likely outcome of a jury trial would have been in his favor, and alleges prejudice in that his ill-advised guilty plea added 15 years to his sentence

_____

[22]    State Rec. Vol. 1 of 4, State's Motion in Limine filed on January 28, 2013, to prevent the defense from informing the jury of the State's amendment to count one of the indictment. Defense counsel agreed not to mention the former charge.    Minute Entry, 1/28/13.

pursuant to Louisiana Revised Statute 14:43.1(C)(2).[23]

Maricle presents only self-serving allegation in support of his contention that counsel was ineffective for failing to adequately investigate his case to uncover evidence and present a viable age defense to the sexual battery charge and harsher sentencing penalty.    He presents no objective evidence at all to establish either that his counsel in fact failed to conduct a proper investigation or that any evidence of such a defense to the victim's age actually existed which could have been discovered through further investigation.    Here, the record evidence made available to defense counsel supported the State's case.

The police report reflects that officers were called to the home of the victim and her older sister by their mother on March 30, 2011.    They learned that the sisters had fought that evening and the younger girl left with Maricle.    When their mother inquired about her whereabouts the older sister became angry and punched a window resulting in the call to the police.    Police later learned from the victim that her older sister was upset because the 12-year old had been involved intimately with Maricle.    The minor victim later detailed the

---

[23]    At the time of the offense, La. R.S. 14:43.1(C) provided:

(1) Whoever commits the crime of sexual battery shall be punished by imprisonment, with or without hard labor, without benefit of parole, probation, or suspension of sentence, for not more than ten years.

(2) Whoever commits the crime of sexual battery on a victim under the age of thirteen years when the offender is seventeen years of age or older shall be punished by imprisonment at hard labor for not less than twenty-five years nor more than ninety-nine years.    At least twenty-five years of the sentence imposed shall be served without benefit of parole, probation, or suspension of sentence.

consensual sexual encounter with Maricle and stated that it took place the night of March 30, 2011. Maricle subsequently made inculpatory statements to the police admitting to the sexual encounter and the date of that encounter in March 2011, but he maintained he was unaware of her age.

Maricle argues that a viable defense could have been presented, and her age at the time of the offense refuted at trial, through the testimony of the victim, her sister and another witness that were all "ready to testify that not only was the relationship consensual, but the relationship did not take place until April 1, 2011 when [the victim] was already past her 13th birthday."[24]    However, this is pure speculation, which is contradicted by the record evidence, specifically the victim's own recorded statement.    Even assuming for the sake of argument that the victim intended to change her story for trial, her testimony would not have been credible because the State planned to present to the jury multiple recorded prison telephone calls from Maricle to his grandmother where they discussed having the victim recant her allegations and/or change her story about the date on which the incident occurred.[25]    Thus, contrary to Maricle's suggestion, this purported evidence would not have strengthened the defense's case.

The record also contradicts Maricle's suggestion that defense counsel had minimal

---

[24]    Rec. Doc. 3-2, p. 2.

[25]    State Rec., Vol. 2 of 4, Police Investigation Report.    *See also* State Rec., Vol. 1 of 4, State's Notice of Intent under La. C.E. art. 412.2.

time for investigation and preparation.    Maricle's claim is directed at counsel Ravi Shah, who enrolled in the case nearly three weeks before the guilty-plea proceedings.    During this time, the record shows that he actively engaged in discovery, filed motions, attended hearings, and presented evidence at the suppression hearing.    Shah was certainly familiar with the case and had reviewed all the evidence from open-file discovery, including supplemental discovery he requested to ensure he had all the necessary materials for trial preparation.[26]    He handled the suppression hearing and was familiar with the evidence introduced and the testimony of the officers.[27]    He managed to revive the State's previous plea offer of thirty (30) years, which Maricle declined, and then about one week later successfully negotiated a plea bargain of twenty-five (25) years, the minimum sentence that could be imposed for the offense, which Maricle accepted.[28]

As the State points out, the facts underlying Maricle's arguments were known to him at the time he entered his guilty plea on January 29, 2013.    All pertinent materials had been tendered by the prosecution to the defense through discovery.    Maricle personally was in possession of the police reports at least as of November 10, 2012, as evidenced by the fact

---

[26]    State Rec., Vol. 1 of 4, Supplemental Request and Motion for Discovery Pursuant to La. C.Cr.P. article 717 (filed January 10, 2013).

[27]    State Rec., Vol. 1 of 4, Minute Entry, 1/28/13.    Although the transcript of the suppression hearing is not included in the state court record, the minute entry sets forth the evidence presented.

[28]    State Rec., Vol. 1 of 4, Minute Entry, 1/16/13 and Minute Entry, 1/29/13.

he referenced and discussed those reports in his *pro se* motion to suppress.[29]    Despite being aware of the perceived weakness in the prosecution's case and the perceived strength of his own case, Maricle knowingly and willingly entered a plea of guilty.

The plea colloquy disputes his allegation that his guilty plea was involuntary because of ineffective assistance of counsel.    During those proceedings, Maricle unequivocally stated that he was satisfied with counsel's representation and handling of his case.    He maintained his desire to plead guilty even when informed he had the right to proceed to trial. And at no time during his plea colloquy did Maricle acknowledge any reason for his guilty pleas other than his actual guilt.[30]    His unsupported allegations here fail to provide compelling evidence as to why the statements he made during the plea colloquy should not be accorded weight and accepted as true.

Maricle has failed to show with any reasonable probability that, but for defense counsel's alleged deficiencies, he would not have pleaded guilty and would have insisted on going to trial.    His reasoning that defense counsel would have offered him a defense if he had adequately prepared for trial is flawed and unsupported.    He has not shown that better preparation by counsel would have resulted in the discovery of additional information which would have affected either the advice counsel rendered to him during plea negotiations or

---

[29]   State Rec., Vol. 1 of 4, Pro Se Motion to Suppress, Section VI (motion signed and dated November 10, 2012).

[30]   State Rec., Vol. 1 of 4, Guilty Plea Transcript, pp. 11-15.

his decision to plead guilty.     In this case, there is little doubt that he would have been convicted at trial because the evidence against him was strong.     That evidence included the victim's recorded statement, Maricle's recorded statement and his attempted manipulation of the victim's account of the events, and a timeline of events that supports the victim's account.[31]  Even if the motion to suppress his statement had been granted, the State could have proceeded against him with other evidence.     Maricle has failed to offer any proof that his counsel's alleged failures actually played a role in his ultimate decision to plead guilty. His mere speculation that additional review or preparation could have changed the outcome does not suffice to prove prejudice.     *Hill*, 474 U.S. at 59.

Under the circumstances, no reasonable probability exists that Maricle would have rejected the beneficial plea bargain and insisted on going to trial but for counsel's alleged incomplete review and preparation.     Given the serious charges against him, the guilty plea provided him with a clear benefit.     Maricle agreed to plead guilty and receive a twenty-five (25) year sentence for sexual battery of a minor under 13 years of age rather than proceed to a jury trial where he could face a potential maximum of ninety-nine (99) years imprisonment for that offense.     On this record, it was not unreasonable for the state court to have determined that Maricle failed to establish prejudice as required under the second

---

[31] *See also* State Rec., Vol. 1 of 4, State's Notice of Intent under Code of Evidence Article 412.2 and Defense's Motion to Sever the other two indecent behavior charges for trial. The trial court ruled that the evidence was admissible and defense counsel withdrew his motion to sever.     Minute Entry, 1/24/13.

*Strickland* prong.

Accordingly the state court's determination that Maricle failed to show ineffective assistance of counsel so as to render his guilty plea involuntary is fully supported by the record and is neither contrary to, nor an unreasonable application of, clearly established Supreme Court precedent.

## **RECOMMENDATION**

**IT IS RECOMMENDED** that Maricle's application for federal *habeas corpus* relief be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir.1996) (en banc).[32]

New Orleans, Louisiana, this __10th__ day of _____March_____, 2017.

---

[32] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.

MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE